IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DON ADKINS and ELLEN ADKINS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TFI FAMILY SERVICES, INC., et. al, )<br>)<br>Defendants. )<br>_____) | Case No. 13-2579-DDC-GLR |

**MEMORANDUM AND ORDER**

This matter is before the Court for a determination of whether to allow the documents delivered for *in camera* inspection to be disclosed pursuant to K.S.A. § 38-2212(e). The parties submitted agency records of the Kansas Division of Children and Family Services and its state agency contractor KVC ("DCF") for four minor children to the Court for *in camera* inspection as required by K.S.A. § 38-2212(e). The Court has conducted the *in camera* inspection and now outlines the terms by which the documents must be disclosed.

K.S.A. § 38-2212(e) states that "a court of competent jurisdiction, after an in camera inspection, may order disclosure of confidential agency records pursuant to a determination that the disclosure is in the best interests of the child who is the subject of the reports or that the records are necessary for the proceedings of the court and otherwise admissible as evidence." The statute further provides that "[t]he court shall specify the terms of disclosure and impose

appropriate limitations."[1]

The Court completed its *in camera* review and determined that some, but not all, of the documents should be disclosed in accordance with K.S.A. § 38-2212(e) as "necessary for the proceedings of the court and otherwise admissible as evidence." The Court has also considered the Notice of Plaintiffs Don Adkins and Ellen Adkins and Defendants TFI Family Services, Inc. and Kelli Ann Hegarty's Joint Memorandum Designating Discoverable Documents.[2] Pursuant to the Joint Memorandum, the parties agreed that the documents are discoverable as relevant to the parties' claim and defenses, to identifying witnesses, and to addressing the relevant medical, psychological and family history of T.N. and his siblings. Based on the Court's *in camera* review and the Joint Memorandum, the Court has concluded that the documents set forth below are not "necessary for the proceedings of the court and otherwise admissible as evidence." The remaining documents are to be disclosed to the parties and shall be subject to the parties' Qualified Protective Order (ECF 20).

The Court finds that the following documents are not necessary for the proceedings of the Court and are therefore not subject to disclosure at this time. However, such denial of disclosure is without prejudice to any further requests for disclosure that make the requisite showing under K.S.A. § 38-2212(e). The following documents shall not be disclosed at this time:

1. The entire file of C.N. (TFI 01256–03322), as well as the videos of the Forensic Interviews of C.N. (TFI 16832–16833, TFI 16834–16835, and TFI 16836–16837). C.N. is not the focus of the claims in the present case. However, any mention of C.N. in the files of the

---

[1] K.S.A. § 38-2212(e).

[2] ECF 34.

other three minors is subject to disclosure to the extent disclosure of those files is allowed.

      2.  Documents TFI 04607 and TFI 04608.  These documents appear to be related to individuals with no ties to the minors at issue, and appear to be documents from another DCF matter that were misplaced in the relevant file.

      3.  The following files shall not be disclosed:

<u>T.N. TFI File</u>:
    TFI 09087: List of Redactions for Reporters
    TFI 10846–10853: Mental Health Center (and/or Private Provider) Progress
        Reports/Discharge Summaries (Parent/Caregiver)
    TFI 10856:Drug/Alcohol Assessment (Parent/Caregiver)
    TFI 10859–10884: UAs (Parent/Caregiver)
    TFI 10886–10891: Medical Card/Third Party Insurance
    TFI 11109–11120: Dental Records
    TFI 11122–11138: SSI Information (Kansas Legal Services)
    TFI 11320–11326: Infant/Toddler Documentation
    TFI 11936–11977 : Expenses

<u>DCF File</u>:
    TFI 00158–00163: C.N. Forms/Files
    TFI 00183– : C.N. Forms/Info.
    TFI 00257–00410: Reports relating to C.N.
    TFI 00543–00549: Reports relating to C.N.
    TFI 00774–TFI 00841: Potentially Adoptive Parents
    TFI 01055–01099:Reports relating to C.N.

<u>T.E. File</u>:

    TFI 12820: List of Redactions for Reporters
    TFI 13306–13307: Reports relating to C.N.
    TFI 13391: Reports relating to C.N.
    TFI 13897–13965: Reports (Potentially Adoptive Parents)
    TFI 14235: Social Security Card
    TFI 14497–14531: Medical Report/UA/Drug Screen (Parent)
    TFI 15131–15135: Reports (Potentially Adoptive Parents)
    TFI 15787–15790:Driver's Licenses (Parents)

<u>Ta.N. File</u>:
    TFI 03325–03326: List of Redactions for Reporters

    TFI 03617–03620: Reports relating to C.N.
    TFI 03780–03789: Reports relating to C.N.
    TFI 03851–03852: Reports relating to C.N.
    TFI 03898–03899: Reports relating to C.N.
    TFI 03925–03926: Health Records (Parent)
    TFI 03938: Report relating to C.N.
    TFI 04067–04068: Report relating to C.N.
    TFI 04607–04608: Misplaced from another DCF file
    TFI 04851–04934: Drug Screen/UA/Health Records (Parent)
    TFI06105–06253: Medical Card/Driver's License/Tax Returns and Reports (Potentially Adoptive Parent)
    TFI 06304–06473: Medical Card/Driver's License/Tax Returns and Reports (Potentially Adoptive Parents)
    TFI 06994–07012: Reports (Potentially Adoptive Parents)
    TFI 07033–07037:Reports (Foster Parents)
    TFI 07043– 07048: Reports (Potentially Adoptive Parents)
    TFI 07083–07108: Reports (Potentially Adoptive Parents)
    TFI 07177–07189: Reports (Potentially Adoptive Parents)
    TFI 07245–07259: Reports (Potentially Adoptive Parents)

The Court finds that the remaining documents, not specifically identified above, shall be disclosed subject to the Qualified Protective Order (ECF 20) and consistent with the restrictions set forth in the Memorandum and Order of the United States District Court for the District of Kansas in *Brooks v. Hinzman*, Case No. 13-2410-EFM-KMH, 2014 WL 1047948 (D. Kan. March 17, 2014). All social security numbers shall be redacted. Any names, addresses, phone numbers, or any other information which could be used to identify the reporters of suspected child abuse shall be redacted. The parties are cautioned to *strictly* comply with Fed. R. Civ. P. 5.2 regarding privacy protection for any documents disclosed pursuant to this order which the parties later seek to include in any public filings during this litigation. The parties are also reminded that all documents produced pursuant to this Order are subject to the Qualified Protective Order (ECF 20).

**IT IS THEREFORE ORDERED** that all documents except those specifically excluded by this Order are discoverable in compliance with the limitations and restrictions set forth above. Disclosure of the excluded documents is denied without prejudice to any further requests for disclosure that make the requisite showing under K.S.A. § 38-2212(e).

IT IS SO ORDERED.

Dated this <u>16th</u> day of March, 2015.


   <u>S/ Gerald L. Rushfelt</u>
Gerald L. Rushfelt
U. S. Magistrate Judge