## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DON ADKINS and ELLEN ADKINS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No.: 2:13-cv-02579-DDC -GLR |
| | ) |
| **TFI FAMILY SERVICES, INC.,** | ) |
| | ) |
| and | ) |
| | ) |
| **KELLI ANN HEGARTY,** | ) |
| | ) |
| and | ) |
| | ) |
| **JOHN DOES 1 THROUGH 5,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

This matter is before the Court for an additional determination of which documents, if any, delivered by defense counsel for *in camera* inspection shall be disclosed to the parties pursuant to K.S.A. § 38-2212(e). On April 23, 2015, defense counsel reported their discovery of additional, previously unknown electronically-stored documents relating to this case as well as other documents unrelated to this case. Defense counsel had advised plaintiff's counsel of their willingness to produce them, but also informed the Court in order to determine if *in camera* review of these documents was warranted. The undersigned magistrate judge determined that, given the sensitive nature of the information, another *in camera* review was appropriate.

Following the status conference of June 4, 2015, Defendant TFI Family Services, Inc. sent to the Court packages of CDs that contain the documents, accompanied by letters dated June

4, 2015 and June 19, 2015. The Court received these documents and letters on June 10, 2015 and June 25, 2015 respectively. The contents of these CDs were files of TFI documents relating to four minor children, thus to facilitate further *in camera* inspection by the Court as required by K.S.A. § 38-2212(e). The CD which accompanied the June 4 letter contained TFI Documents numbered from 0016842 through 0035759 and the two CDs accompanying the June 19 letter contained TFI Documents numbered from 35760 through 36487 and 38019 through 38410. The Court has completed the *in camera* inspection of these documents (approximately 20,000 pages worth) and now sets forth the terms by which the documents must be disclosed.

> K.S.A. § 38-2212(e) reads as follows in its entirety:
>> "Notwithstanding the provisions of this section, a court of competent jurisdiction, after in camera inspection, may order disclosure of confidential agency records pursuant to a determination that the disclosure is in the best interests of the child who is the subject of the reports or that the records are necessary for the proceedings of the court and otherwise admissible as evidence. The court shall specify the terms of disclosure and impose appropriate limitations."

The Court has completed its *in camera* review. It determines that some, but not all, of the documents should be disclosed in accordance with K.S.A. § 38-2212(e) as "necessary for the proceedings of the court and otherwise admissible as evidence." In short, it would not be possible to adequately resolve the factual disputes in this case without disclosing some of the confidential agency records relating to these four minor children. Pursuant to the Court's previous *in* camera review, the Court has also considered the Notice of Plaintiffs Don Adkins and Ellen Adkins and Defendants TFI Family Services, Inc. and Kelli Ann Hegarty's Joint Memorandum Designating Discoverable Documents (ECF 34), by which the parties agreed that the documents are discoverable as relevant to their claims and defenses, to identifying witnesses,

and to addressing the relevant medical, psychological and family history of T.N. and his siblings. The same standards are applicable for the instant *in camera* review. Based on the Court's *in camera* review and the Joint Memorandum, the Court has concluded that the documents, identified below are not "necessary for the proceedings of the court and otherwise admissible as evidence." The remaining documents are to be disclosed to the parties and shall be subject to the parties' Qualified Protective Order (ECF 20).

The Court finds that the following documents are not necessary for the proceedings of the Court and are therefore not subject to disclosure at this time. However, such denial of disclosure is without prejudice to any further requests for disclosure that make the requisite showing under K.S.A. § 38-2212(e). Accordingly, the following documents shall not be disclosed at this time:

1. Documents regarding the placement of minor children/persons not at issue in this case who are not siblings of T.N. and/or documents mentioning siblings of T.N. with little (if any) probative value, yet containing sensitive information regarding other minor children.

    a. TFI Documents 0018056-0018083: Foster placement of children not at issue
    b. TFI Document 0019252: Resource Family Services Monthly Report of children not at issue
    c. TFI Document 0019724: Case Activity Log relating to a person not at issue
    d. TFI Documents 0020059-0020060: Documents related to children not at issue
    e. TFI Documents 0020067-0020070: SRS exit interviews of children not at issue
    f. TFI Documents 0020147-0020148: Documents related to children not at issue
    g. TFI Document 0021547: Document related to medical records for children not at issue
    h. TFI Document 0021547: Document related to medical records for children not at issue
    i. TFI Documents 0025442-0025443: Documents pertaining to children not at issue
    j. TFI Documents 0025585-0025588: Exit interviews for children not at issue
    k. TFI Document 0025849: Sensitive information about a child not at issue
    l. TFI Documents 0026870-0026872: Information regarding other children not at issue
    m. TFI Document 0029866: Overdue medical exams for children not at issue

2. Documents pertaining to C.N., who is not the focus of the claims in this case.

    a. TFI Document 0018879
    b. TFI Document 0019750-0019754
    c. TFI Documents 0020128-0020132
    d. TFI Document 0020988 (marked as file 0020987)
    e. TFI Documents 0025337-0025338, 0025358
    f. TFI Document 0026210
    g. TFI Documents 0026704-0026778, 0026929-0026933, 0026943-0026957
    h. TFI Documents 0027973-0027975
    i. TFI Document 0031155, 0032519, 0034747, 0035948, 0036384
    j. TFI Documents 0034852-0034856

3. Documents containing sensitive information about Plaintiffs with little (if any) probative value

    a. TFI Documents 35808-35811, 36092-36095, 36275-36278: Potentially Adoptive Parent Insurance Card, Driver's License, Marriage License
    b. TFI Documents 35818-35823, 36102-36107, 36285-36290: Potentially Adoptive Parents' Birth Certificates and Social Security Cards
    c. TFI Documents 35824-35837, 36109-36121, 36291-36304: Potentially Adoptive Parents' Health Records
    d. TFI Documents 35838-35846, 36122-36130, 36305-36313: Potentially Adoptive Parents' Financial Disclosures and Tax Returns

4. Documents containing sensitive personal information about the children at issue with little probative value

    a. TFI Document 0021448: Ta. N. Medical Card
    b. TFI Documents 0021548-0021551: Medical cards for T.N., Ta.N., T.E.
    c. TFI Documents 0029858-0029861: Kansas Medical Cards for Ta.N., T.N. and T.E..
    d. TFI Document 38127: T.N. Insurance Card
    e. TFI Documents 36005, 36194, 36438: Ta.N. Social Security Information

5. Documents discussing relevant information with probative value pertaining to the children at issue in this case, but also containing sensitive information pertaining to C.N.. The documents can be disclosed but the information regarding C.N.'s medical, mental health and educational history must be redacted.

    a. TFI Documents 0023395-0023398: These documents contain relevant information, but the information regarding C.N. shall not be disclosed.
    b. TFI Documents 025522-0025524, 0025529-0025531, 0030285-0030287, 0031321-0031323, 0031329-0031331, 0031337-0031339, 0031372-0031374, 0031379-0031381, 0031439-0031440, 0031526, 0031680, 0031688, 0032189, 0032196, 0032427, 0032482, 0032529-0032530, 0032539, 0032548, 0032561, 0032674, 0032797 0032813, 0032820-0032821, 0032829-0032830, 0032838, 0032846, 0032852, 0032859, 0032867, 0032875, 0032882-0032883, 0032890, 0033249, 0033370, 0033386, 0033393, 0033402-0033403, 0033411, 0033419, 0033432, 0033440, 0033448, 0033455, 0033463, 0033824, 0033831, 0033945, 0034166, 0034182, 0034189-0034190, 0034198-0034199, 0034207, 0034215, 0034221, 0034228, 0034236, 0034244, 0034259 0034618, 0034736, 0034752, 0034759, 0034768-0034769, 0034777, 0034785, 0034791, 0034798, 0034806, 0034814, 0034821, 0034829, 0035188, 0035195, 0035202: These documents contain relevant information, but the paragraph(s) dealing with C.N.'s medical, mental health and educational history must be redacted.

The Court finds that the remaining documents, not specifically identified above, shall be disclosed subject to the Qualified Protective Order (ECF 20) and consistent with the restrictions set forth in the Memorandum and Order of the United States District Court for the District of Kansas in *Brooks v. Hinzman*, Case No. 13-2410-EFM-KMH, 2014 WL 1047948 (D. Kan. March 17, 2014). All social security numbers shall be redacted. Any names, addresses, phone numbers, or any other information which could be used to identify the reporters of suspected child abuse shall be redacted. The parties are cautioned to *strictly* comply with Fed. R. Civ. P. 5.2 regarding privacy protection for any documents disclosed pursuant to this order which the parties later seek to include in any public filings during this litigation. The parties are also

reminded that all documents produced pursuant to this Order are subject to the Qualified Protective Order (ECF 20).

IT IS SO ORDERED this 11th day of August, 2015.

/s Gerald L. Rushfelt<br>GERALD RUSHFELT<br>UNITED STATES MAGISTRATE JUDGE<br>United States District Court for the District of Kansas