IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DON ADKINS AND ELLEN ADKINS,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**TFI FAMILY SERVICES, INC.,**<br>**KELLI ANN HEGARTY, and**<br>**JOHN DOES 1 THROUGH 5,**<br><br>    **Defendants.** | **Case No. 13-CV-2579-DDC-GLR** |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs Don Adkins and Ellen Adkins' Motion for Leave to File Amended Complaint (ECF 91), filed on August 31, 2016. Defendants TFI Family Services, Inc. and Kelli Ann Hegarty filed a Memorandum in Opposition to Plaintiffs' Motion for Leave to File Amended Complaint (ECF 95) on September 23, 2016. The motion is fully briefed and the Court is prepared to rule. For the reasons stated below, the Court grants Plaintiffs' motion to amend.

### I.    Factual and Procedural Background

Plaintiffs filed their nine-count Complaint on November 7, 2013 against Defendants TFI Family Services, Inc. ("TFI"), Kelli Ann Hegarty, and John Does 1 Through 5, alleging various claims arising from an adoption transaction.[1] On June 16, 2016 the Court entered a Revised Scheduling Order, which set August 15, 2016 as Plaintiffs' deadline for taking Rule 30(b)(6)

---

[1] ECF 1.

1

depositions of Defendant and set August 31, 2016 as the deadline for Plaintiff to file any motion to amend the pleadings.[2]

Plaintiffs conducted a deposition of Defendant TFI's corporate representative on August 11, 2016, but Plaintiffs state that the deposition is not yet complete and is being rescheduled.[3] After reviewing documents in discovery and conducting the August 11 deposition, Plaintiffs filed the instant motion to amend on August 31 and attached a Proposed First Amended Complaint.[4] Plaintiffs move to amend the Complaint to add various factual allegations, six theories of recovery, and five additional parties.[5] The additional parties are Nonprofit Solutions, Inc., Kansas Family and Children, Inc., TFI Family Connections, LLC, Pathway Family Services, LLC, and Kyds, Inc.[6] Plaintiffs allege that an alter-ego relationship existed between TFI and each of these additional Defendants.[7]

## II.     Legal Standards

Pursuant to Fed. R. Civ. P. 15(a)(2), where a party's time to amend its pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[8] Rule 15 is intended to "provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[9]

---

[2] ECF 76.

[3] ECF 91 at 3.

[4] *Id.* Ex. 1.

[5] *Id.* The additional parties would replace the John Doe Defendants in this case.

[6] *Id.* at 3–4.

[7] *Id.*

[8] Fed. R. Civ. P. 15(a)(2).

[9] *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).

Generally a party is granted leave to amend under Rule 15(a), unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[10]  "Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend."[11]  In fact, the prejudice factor is the "most important" consideration in the decision.[12]  Typically, courts "find prejudice only when the amendment unfairly affects" a party's ability to prosecute or defend the lawsuit.[13]  To justify denying leave to amend, the proposed amendment must "work an injustice" to an opposing party.[14]  The party opposing the amendment has the burden of showing prejudice.[15] Whether to allow a proposed amendment after the permissive period is within the sound discretion of the court.[16]

### III.   Analysis

Plaintiffs move to amend their Complaint to add the five additional Defendants in replacement of the John Doe Defendants.  Defendants TFI and Hegarty assert that this proposed amendment is based on the August 11 deposition testimony of Shirley Dwyer, TFI's designated corporate representative.  Defendants further argue that Ms. Dwyer's testimony did not fully inform Plaintiffs of the relationship between TFI and the other entities.  Defendants contend that

---

[10] *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[11] *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1307 (D. Kan. 2006).

[12] *Minter*, 451 F.3d at 1207.

[13] *Id.* at 1208.

[14] *United States v. Sturdevant,* No. 07–2233–KHV–DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (quoting *Koch v. Koch Indus.,* 127 F.R.D. 206, 209–10 (D. Kan. 1989)).

[15] *Koch*, 127 F.R.D. at 210 (citing *Federal Deposit Ins. Corp. v. Berr*, 643 F. Supp. 357, 359 (D. Kan. 1986)).

[16] *Dockery v. Unified Sch. Dist. No. 231*, 406 F. Supp. 2d 1219, 1223 (D. Kan. 2006) (citing *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001)).

when the deposition resumes, "additional testimony will be elicited indicating that some or all of the named entities have no connection, alter-ego or otherwise, to the issues pertinent to the Plaintiffs or to the State of Kansas."[17]  According to Defendants, these non-entities will be forced to address this issue at summary judgment, thereby suffering prejudice and harm to their business by being named as defendants and incurring litigation expenses.

   Defendants TFI and Hegarty have not shown any prejudice to themselves that would result from the amendments, only that the amendments would "work an injustice" against the additional Defendants or affect their ability to defend the lawsuit.  But that is a speculative argument that can be made against many motions to add parties to a law suit.  If the proposed additional defendants have no legitimate connection with the alleged claims in the Proposed First Amended Complaint, they may and in all probability will indicate that by their own pleadings or motions or both.  Defendants' challenge to the factual allegations regarding the additional defendants' alter-ego status at this stage is premature.  Absent some showing that the addition of these proposed defendants is the result of undue delay, is in bad faith, or is futile, the Court does not find that their being added as parties constitutes such prejudice as to warrant denial of the motion for leave to amend.  Defendants do not argue that the amendment is the result of undue delay or is in bad faith.  And although Defendants TFI and Hegarty suggest that the amendment is futile because future testimony will show that the Defendants are improper parties, the record at this point does not justify a jump to that conclusion.

   Defendants TFI and Hegarty's argument against the motion for leave to amend is based on possible defenses that belong not to themselves, but to the defendants now to be added.  The

---

[17]Doc. 95 at 2.

Defendants TFI and Hegarty lack standing to raise defenses that belong to the proposed, additional defendants. Accordingly, the Court grants the motion for leave to amend.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs Don Adkins and Ellen Adkins' Motion for Leave to File Amended Complaint (ECF 91) is **granted**. The Court orders Plaintiffs to file and serve their First Amended Complaint within fourteen days of the date of this Order.

Dated: October 21, 2016

                                                *s/Gerald L. Rushfelt*
                                                Gerald L. Rushfelt
                                                U. S. Magistrate Judge