IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DON ADKINS, ELLEN ADKINS, and<br>DON ADKINS o/b/o T.A., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>TFI FAMILY SERVICES, INC., et al.,<br><br>Defendants. | Case No: 13-CV-02579-DDC-GLR |

## DEFENDANTS' MOTION TO STRIKE
## PLAINTIFFS' RETAINED EXPERT SPENCE SHUMWAY

COME NOW Defendants, by and through counsel, and submit their Motion to Strike Plaintiffs' Retained Expert Spence Shumway. In support of their motion, Defendants state as follows:

### BACKGROUND AND STATEMENT OF FACTS

1. Plaintiffs' Designation of Experts, filed February 17, 2017, is attached as Exhibit A (with redactions of minors' names).

2. Plaintiffs' retained expert economist Spence Shumway's written report is attached as Exhibit B (with redactions of minors' names).

### ARGUMENTS AND AUTHORITIES

**I.   Plaintiffs failed to comply with Fed. R. Civ. P. 26(a)(2)(B).**

Federal Rule 26(a)(2)(B) requires parties to file their expert designation with a written report that includes: (i) a complete statement of all opinions the witness will express and the basis and reason for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10

years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Plaintiffs' expert designation and written report from retained expert economist Spence Shumway fails to comply with this Rule.

Specifically, Mr. Shumway's report is not accompanied by any of the materials he reviewed in formulating his opinions. Literally, not one document is attached. His report largely consists of five "Schedules" which lay out Plaintiffs' alleged costs associated with their claims. However, his report does not contain any documents from which these figures were calculated. There are no treatment records, no bill records, no tax records, and no insurance records.

Mr. Shumway's report states, "The source of these schedules is Mr. and Mrs. Adkins. They are based on actual costs through 2016 and expected costs beginning in 2017." However, nowhere in his report does Mr. Shumway indicate what "actual costs" he reviewed in creating his report. Likewise, Mr. Shumway's report states, "The projected costs reflect the Adkins [sic] understanding of 'what to expect' from discussions with the medical experts treating their sons." Again, nowhere in his report does he indicate which medical experts he relies on.

Mr. Shumway's report states, "Anticipated amendments to this report and the schedules if this matter continues to a jury Trial: 1. Cost projections will be expanded to include anticipated continuing costs in adulthood. 2. Costs extrapolations will be both inflation and present value adjusted." Similarly, in Schedule 3 of Mr. Shumway's report, he states that he has not attempted to calculate Mrs. Adkins's claimed losses, but that he

will for trial. There is no indication why this information could not have been provided at this time. In fact, several of Mr. Shumway's "Schedules" already include projected costs.

Rule 26(a)(2)(B) requires parties to disclose the facts or data considered by the witness in forming their opinions, as well as any exhibits that will be used to summarize or support them. Plaintiffs have not done so with Mr. Shumway's report. Mr. Shumway's report indicates he has spent 18 hours on this matter, but he does not inform Defendants how those 18 hours were spent or what documents, if any, were reviewed.

Finally, Plaintiffs' expert designation fails to provide Mr. Shumway's qualifications, including a list of all publications authored in the previous 10 years, as well as a list of all other cases in which, during the previous four years, he testified as an expert at trial or by deposition. Plaintiffs' designation is completely silent on these matters. Mr. Shumway admits he did not include a complete CV. Instead, his report states, "An abbreviated CV is attached, to be supplemented." This is yet another example of Plaintiffs attempting to skirt disclosure rules, which prejudices Defendants and their ability to examine Mr. Shumway prior to trial.

**WHEREFORE**, for the reasons explained above, Defendants respectfully request that this Court strike Plaintiffs' retained expert Spence Shumway for Plaintiffs' failure to comply with Fed. R. Civ. P. 26(a)(2)(B), and for further relief as this Court deems just and appropriate.

Respectfully submitted,

*[signature]*

| | |
|---|---|
| Jana V. Richards, | KS #14385 |
| Jordon T. Stanley, | KS #21990 |
| Joe M. McGreevy, | KS #25857 |

SANDERS WARREN & RUSSELL LLP
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Telephone:     (913) 234-6100
Facsimile:      (913) 234-6199
E-mail:           j.richards@swrllp.com
                     j.stanley@swrllp.com
                     j.mcgreevy@swrllp.com
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 28th day of February, 2017, that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Matthew M. Merrill
Diane H. Lewis
Brown & Ruprecht, PC
911 Main Street, Suite 2300
Kansas City, Missouri 64105
Telephone:  816-292-7000
Facsimile:   816-292-7050
Email: mmerill@brlawkc.com
           dlewis@brlawkc.com

Scott R. Hoopes
Mills & Hoopes, LLC
1550 N. Brown Road, Suite 130
Lawrenceville, Georgia 30043
Email: scott@millshoopeslaw.com
**ATTORNEYS FOR PLAINTIFFS**

_____
Attorney