**DON ADKINS, ELLEN ADKINS, and
DON ADKINS o/b/o T.A., a minor,**

**Plaintiffs,**

**v.**

**TFI FAMILY SERVICES, INC., et al.,**

**Defendants.**

**Case No. 13-CV-2579-DDC-GLR**

## MEMORANDUM AND ORDER

Plaintiffs bring this action against TFI Family Services, Inc. and six other Defendants, for various claims arising from an adoption. The case has involved significant discovery issues, and the Court previously appointed a special master to review documents based upon the large volume of discovery.[1]  Beginning in February 2017, after communications between counsel about the discovery issues, the parties filed nine discovery motions.  They include motions to compel, a motion to strike an expert, motions for protective orders, motions for extensions of time to meet discovery deadlines, and, more recently, a motion for sanctions.[2]  These motions involve substantial, complex, and interrelated discovery disputes.  With this Memorandum and Order the Court addresses the following: Defendants' Motion to Compel Plaintiffs to Supplement Their Rule 26 Disclosures and Their Answers to Defendants' Request for Production of Documents (ECF 124); Plaintiffs' Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) and Motion to Quash or Condition Subpoenas Pursuant to Fed. R. Civ. P. 45(d)(3) (ECF 151); and Movant UHS of Peachford LP d/b/a Peachford Hospital's ("Peachford") Motion

---

[1]*See* ECF 67.

[2]ECF 124, 125, 133, 149, 151, 191, 201, 207, and 209.

to Quash Subpoena and/or for Protective Order (ECF 201). For the reasons explained in detail below, the Court grants in part and denies in part Plaintiffs' motion for protective order and to quash subpoenas, grants Peachford's motion for protective order and to quash subpoenas, and grants in part and denies in part Defendants' motion to compel.

## I.    Procedural Background

Although the parties dispute part of the procedural history, the Court summarizes below the relevant parts of the record. Plaintiffs served their Rule 26 initial disclosures on February 17, 2015. Relevant to these motions, Plaintiffs made the following disclosures:

- Plaintiffs provided the names of psychiatrists, psychologists, therapists, and social workers who have knowledge of the physical and mental health of the children at issue.

- Plaintiffs stated that employees and agents of the schools attended by the children at issue will have discoverable information, and these persons and entities would be specifically identified during discovery.

- Plaintiffs stated that other witnesses identified during discovery will have information relevant to Plaintiffs' claims and defenses.

- Plaintiffs produced documents, Bates numbered Adkins 1–1372.

- Plaintiffs identified business records obtained with subpoena and/or authorization from the witnesses and entities disclosed in paragraph (i) as having information that Plaintiffs may use to support their claims or defenses.

- Plaintiffs stated that they will supplement the following information that bears on their claims for damages: (a) past medical expenses; (b) future medical expenses;

(c) past lost wages; (d) future lost wages; (e) other past economic damages; and

(f) other future economic damages, including loss of services.[3]

On June 19, 2015, Defendants served Plaintiffs with Defendants' First Requests for

Production of Documents ("Requests").  On July 20, 2015, Plaintiffs filed their responses and

objections to Defendants' Requests.[4]  The following Requests, and responses and objections

thereto, are relevant:

**[Request No.] 8**: Identify and produce all records of each child of the Plaintiffs from each

treating physician, psychiatrist, counselor and therapist for each child of the Plaintiffs for the past

10 years.

> **OBJECTION:** Plaintiffs object to the extent that this request seeks
> medical records and psychotherapy notes related to physical and/or mental
> health for  people who are not making such claims in this case. Not
> reasonably calculated to lead to the discovery of admissible evidence.
> Overbroad temporally.
> **RESPONSE:** Will be supplemented as to children whose physical and/or
> mental health is put at issue in this case.

> **[Request No.] 9:** Identify and produce all documents related to all expenses paid
> by Plaintiffs, including medical, prescription, counseling, therapy, etc. which
> Plaintiffs claim as an element of damages in this case.
> **RESPONSE:** Will be supplemented. Additionally, see such documents
> produced within Adkins 1 - 1372.

> **[Request No.] 10:** Identify and produce all documents itemizing all damages
> claimed by Plaintiffs in this matter, including the factual basis for each item of
> damages claimed.
> **RESPONSE:** Will be supplemented. Additionally, see such documents
> produced within Adkins 1 - 1372.  Will be the subject of expert testimony.

> **[Request No.] 13:** All medical records relating to any of the Plaintiffs' or their
> children's physical or mental condition for the past 10 years.
> **OBJECTION:** Plaintiffs object to the extent that this request seeks
> medical records and psychotherapy notes related to physical and/or mental
> health for people who are not making such claims in this case. Not

---

[3]ECF 124, Ex. A.

[4]ECF 124, Ex. B.

reasonably calculated to lead to the discovery of admissible evidence. Overbroad temporally.
**RESPONSE:** Will be supplemented as to children whose physical and/or mental health is put at issue in this case.

**[Request No.] 14:** All medical bills regarding Plaintiffs or their children from any physician, hospital, psychiatrist, psychologist, nurse, or any other type of health care provider for treatment of the alleged medical conditions set forth in Plaintiffs' Complaint.

> **OBJECTION:** Plaintiffs object to the extent that this request seeks medical records and psychotherapy notes related to physical and/or mental health for people who are not making such claims in this case. Not reasonably calculated to lead to the discovery of admissible evidence.
> **RESPONSE:** Will be supplemented as to children whose physical and/or mental health is put at issue in this case.

**[Request No.] 15:** All photographs or videotapes which show the physical condition of the Plaintiffs or their children about which Plaintiffs complained in their Complaint and/or "day in the life" videotape you plan to use at trial.

> **RESPONSE:** Will be supplemented.

**[Request No.] 20:** All documents identified in Plaintiffs' Complaint, including all documents utilized by Plaintiffs to form the basis of the allegations made in their Complaint.

> **RESPONSE:** See documents previously produced, produced by TFI, and produced by outside providers pursuant to subpoena. Will be supplemented as discovery progresses.[5]

Defendants contend that Plaintiffs have not supplemented any of their initial disclosures or responses to Defendants' Requests. Plaintiffs maintain they have provided Defendants the identification of "every school, hospital, medical provider, mental health provider, and all others."[6]

Between January 13 and February 24, 2017, counsel communicated about these discovery issues. Defendants asked Plaintiffs for (1) additional information to supplement their initial disclosures; (2) medical records for the children whose mental and physical condition was

---

[5]*Id.*

[6]ECF 124 at 4–5; ECF 189 at 3.

at issue; and (3) information regarding treating physician Nancy Black.[7] On February 10, February 17, and March 2, 2017, Defendants issued subpoenas for documents to various non-party schools and medical and psychotherapy treatment providers.[8] Plaintiffs agreed to supplement their initial disclosures. They further agreed to provide medical and psychotherapy records or facilitate their collection, if Defendants would provide authorizations for their release.[9] On February 24, 2017, counsel for Plaintiffs sent opposing counsel an email which questioned whether Plaintiffs could be required to execute the authorizations for the medical and psychotherapy records at issue.

Defendants claim they received "pushback from the boys' medical providers due to the absence of authorizations accompanying the subpoenas for records."[10] Accordingly, Defendants filed the instant motion to compel on February 21, 2017. Plaintiffs responded and filed their motion for protective order on March 14, 2017. Peachford filed its motion to quash subpoena on April 12, 2017. Plaintiffs contend that, as of March 24, "many of the providers have already been responding and producing subpoenaed records."[11]

On March 21, 2017, the Court held a status conference and entertained arguments of counsel as to the various discovery motions. Defendants expressed concern that they could not meet their deadline to designate experts without the medical and psychotherapy records and other information relevant to Plaintiffs' damages. Plaintiffs responded that, because the authorizations Defendants submitted did not contain a provision required by Georgia privacy

---

[7]ECF 124 at 5–11.

[8]ECF 112, 113, 128.

[9]Defendants contend that Plaintiffs did not supplement their initial disclosures, and that Plaintiffs did not execute the authorizations that would allow Defendants to obtain the records at issue.

[10]ECF 124 at 8.

[11]ECF 189 at 4.

laws to require the records first to be released to Plaintiffs, they could not sign the authorizations. At the status conference the parties agreed to proceed to mediation, Defendants agreed to provide authorizations to include the provisions Plaintiffs requested, and Plaintiffs agreed to execute them. It remains unclear whether this has occurred.

## II.     Plaintiffs' Motion for Protective Order and to Quash or Condition Subpoenas

Plaintiffs move for a protective order against six depositions Defendants have scheduled.. Plaintiffs also move to quash various subpoenas served upon health care providers. Plaintiffs argue that Defendants scheduled the depositions in multiple locations and without regard to scheduling conflicts. They also contend the subpoenas must be quashed or modified, because they seek privileged information.

Before addressing its merits, the Court notes the argument that Plaintiffs' motion for protective order is procedurally defective for failure to certify that the parties have conferred or attempted to confer with Defendants, as required by Fed. R. Civ. P. 26©(1). Plaintiffs provide the following certification in their motion for protective order:

> On March 10, 2017, Plaintiffs sent Defendants a letter attempting to confer on the flurry of activity by Defendants and advising Defendants that the foregoing Motion for Protective Order would be filed to stay the depositions.

> On March 13, 2017, Defendants sent Plaintiffs a letter notifying them that several health care providers had produced documents in conjunction with the subpoenas. Specifically, Georgia Behavioral Health, Pilgrim's Rest Baptist Association, Maxa Internal Medicine, Gwinnett Pediatrics and White Wilson Medical Center.[12]

Pursuant to Fed. R. Civ. P. 26(c)(1), a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Additionally, D. Kan. Rule 37.2 provides the following:

---

[12]ECF 152 at 4–5.

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.[13]

The Court agrees with Defendants that the certification of Plaintiffs is sparse. It simply mentions a letter they sent to Defendants about the depositions and the intent to file a responsive motion for protective order. Considering the totality of the circumstances, the Court is satisfied that the parties have sufficiently conferred about the issues raised in Plaintiffs' motion for protective order. Indeed, the Court has summarized above the extensive communications of the parties, concerning the interrelated discovery disputes at issue.[14] Although Plaintiffs' certification refers only to a letter Plaintiffs sent to Defendants three days before filing their motion for protective order, it is clear the parties were communicating extensively before this time about the scheduling of depositions and the scope of subpoenas to treatment providers.[15] The Court finds that Plaintiffs have adequately satisfied Fed. R. Civ. P. 26(c)(1) and D. Kan. Rule 37.2. It proceeds, therefore, to consider the merits of the motion.

### A. Depositions.

Plaintiffs argue that Defendants scheduled the six depositions at issue at inconvenient times and places. Plaintiffs move for a protective to require Defendants to re-schedule the depositions at mutually convenient dates, times, and locations. Defendants respond that they

---

[13]D. Kan. Rule 37.2.

[14]*See supra* Part I.

[15]*See, e.g.*, ECF 124, Ex. C; ECF 124, Ex. F.; ECF 124, Ex. G.

attempted to communicate with Plaintiffs several times about the scheduling of depositions, but Plaintiffs did not respond. Defendants also note that Plaintiffs did not initially object to the depositions as scheduled.

The Court finds good cause to grant Plaintiffs' motion for protective order as it relates to the six depositions at issue. Defendants noticed these depositions in quick succession to allow them to meet their expert deadline. As Plaintiffs argue, the proposed schedule would place a significant burden on them, because of the variations in time, date, and location. The Court has granted Defendants' motion to amend the scheduling order.[16] And, in so doing, it has extended the deadline for Defendants to disclose their experts. The parties should be able to schedule the proposed depositions with convenience for all parties. Accordingly, the Court grants Plaintiffs' motion for protective order as it relates to the scheduling of depositions. The parties are ordered to confer and attempt to schedule the proposed depositions at mutually convenient dates, times, and locations.

## B. Subpoenas

Plaintiffs also move to quash the subpoenas Defendants served on various schools and medical and psychotherapy treatment providers. Fed. R. Civ. P. 45(d)(3)(A) sets forth the grounds upon which the Court must quash a subpoena. It provides, in pertinent part, that a court "shall quash or modify [a] subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies."[17] "The party moving to quash a subpoena has the burden to demonstrate good cause and the privilege to be protected."[18]

---

[16]ECF 222.

[17]Fed. R. Civ. P. 45(d)(3)(A).

[18]*Reliastar Life Ins. Co. v. Warrior*, No. 06-2486-CM-DJW, 2007 WL 2669558, at *4 (D. Kan. Sept. 7, 2007) (citing *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996)).

The subpoenas at issue seek the medical, mental health, and educational records of Plaintiffs' children. Many of the entities served with subpoenas are either educational institutions or providers of psychotherapy or medical treatment in Georgia, but others are located in Florida.[19] Plaintiffs contend that the subpoenas seek information that is subject to the psychotherapist-patient privilege under Georgia law.[20] Defendants did not address the privilege issues in responding to Plaintiffs' motion for protective order.[21]

1.      **Psychotherapy Treatment Records in Georgia**

The Court first addresses the subpoenas directed at collection of psychotherapy treatment records from providers in Georgia. It agrees with Plaintiffs that Georgia law governs whether any privilege attaches to these records.[22] Ga. Code Ann. § 37-3-166(a) states:

> A clinical record for each patient shall be maintained. Authorized release of the record shall include, but not be limited to examination of the original record, copies of all or any portion of the record, or disclosure of information from the record, *except for matters privileged under the laws of this state* . . . The clinical record shall not be a public record and no part of it shall be released except:
>
> (8) A copy of the record shall be produced in response to a valid subpoena or order from any court of competent jurisdiction, *except for matters privileged under the laws of this state.*[23]

Ga. Code. Ann. § 24-5-501(a) in turn sets forth the following list of privileged communications relevant to this matter:

> (5) Communications between psychiatrist and patient;
> (6) Communications between licensed psychologist and patient as provided in Code Section 43-39-16;

---

[19]*See* ECF 152 at 2–4; ECF 112; ECF 113; ECF 128.

[20]Plaintiffs, however, do not raise Florida privilege law with respect to the Florida subpoenas.

[21]*See* ECF 154.

[22]*See* Fed. R. Evid. 501; *Nance v. Thompson Med. Co.*, 173 F.R.D. 178, 181 (E.D. Tex. 1997) (explaining that claims of attorney-client privilege are governed by the law of the state where the communication was made).

[23]Ga. Code Ann. § 37-3-166(a) (emphasis added). Ga. Code Ann. § 37-7-166(a) contains a highly similar provision.

(7) Communications between a licensed clinical social worker, clinical nurse specialist in psychiatric/mental health, licensed marriage and family therapist, or licensed professional counselor and patient; [and]

(8) Communications between or among any psychiatrist, psychologist, licensed clinical social worker, clinical nurse specialist in psychiatric/mental health, licensed marriage and family therapist, and licensed professional counselor who are rendering psychotherapy or have rendered psychotherapy to a patient, regarding that patient's communications which are otherwise privileged by paragraph (5), (6), or (7) of this subsection[.][24]

Georgia courts have interpreted these privileges strictly. They hold that "[a]s a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in any civil or criminal proceeding."[25] Thus, "[w]hile psychiatric records are not absolutely privileged, '*communications* between a psychiatrist and patient *are* absolutely privileged and that privilege must be waived as a pre-condition of discovery.'"[26] The Georgia Court of Appeals has explained the scope of the privilege as follows:

What is protected is not merely words spoken, but disclosures made in confidence. Since the legislature has not been more specific as to what constitutes an "admission" or "communication," we are reluctant to say anything which would allow a psychiatrist to reveal indirectly what he may not reveal directly, or to reveal a communication by couching it as an inference, evaluation, observation or conclusion.[27]

The Court finds that unless quashed, the subpoenas for psychotherapy records from providers in Georgia would indeed reveal communications privileged under Ga. Code Ann. § 24-5-501(a). They would include evaluations, observations, or conclusions of the children's mental health, and therefore are privileged. Defendants do not argue otherwise in their response to the

---

[24]Ga. Code Ann. § 24-5-501(a).

[25]*Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999) (quoting *Plunkett v. Ginsburg*, 456 S.E.2d 595, 597 (Ga. Ct. App. 1995)) (internal quotations omitted); *Mrozinski v. Pogue*, 423 S.E.2d 405, 409 (Ga. Ct. App. 1992).

[26]*Plunkett*, 456 S.E.2d at 597 (quoting *Dynin v. Hall*, 428 S.E.2d 89 (1993)) (emphasis in original).

[27]*Mrozinski*, 423 S.E.2d at 734 (internal quotations and citations omitted).

motion. Thus the Court finds that the requested discovery of these records must be quashed. Accordingly, the Court grants Plaintiffs' motion for protective order against the subpoenas served on psychotherapy treatment providers in Georgia. Unless Plaintiffs execute authorizations for the release of these records, the subpoenas are quashed.[28]

### 2. Other Categories of Records

As already noted, the subpoenas also seek (1) psychotherapy records from providers in Florida, (2) education records, and (3) non-psychotherapy medical records. These categories of records, of course, are not governed by a law like that of Georgia. Plaintiffs did not discuss subpoenas directed at education records, and the Court finds no good cause to quash the subpoenas as to those records. Additionally, unlike Georgia, Florida does not appear to recognize a similarly strict application of the psychotherapist-patient privilege.[29] Thus, the Court finds no good cause to quash subpoenas for psychotherapy records from providers in Florida.

Finally, Plaintiffs invoke the Health Insurance Portability and Accountability Act ("HIPAA") to assert that non-psychotherapy medical records are privileged.[30] But HIPAA provides only a procedural scheme for collecting medical records in litigation. It does not create a physician-patient privilege.[31] Thus the Court finds that good cause is lacking to quash any subpoenas to obtain only non-psychotherapy medical records. Accordingly, it denies the motion

---

[28]Although the Court quashes the subpoenas as described above, the Court strongly encourages Plaintiffs to execute the authorizations for release of treatment records, pursuant to the parties' agreement that Plaintiffs would execute the necessary authorizations.

[29]Florida recognizes the psychotherapist-privilege, but exempts from the privilege any "communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense." Fla. Stat. Ann. § 90.503(4)(c). The mental or emotional condition of Plaintiffs' children is an element of Plaintiffs' case.

[30]ECF 152 at 9.

[31]*Morris v. City of Colo Springs*, No. 09-cv-01506-PAB-MEH, 2009 WL 4927618, at *2 (D. Colo. Dec. 18, 2009) (citing *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 926 (7th Cir. 2004)).

to quash subpoenas directed at the collection of (1) psychotherapy records from providers in Florida, (2) education records, and (3) non-psychotherapy medical records.

To summarize, the Court grants in part and denies in part Plaintiffs' motion for protective order and to quash or condition subpoenas. It grants the motion as it relates to the depositions Defendants noticed. The parties are ordered to confer to schedule the depositions at mutually agreeable dates, times, and locations. The Court also grants the motion as it relates to psychotherapy treatment records from providers in Georgia. These records are privileged, and may not be obtained, unless Plaintiffs execute the necessary authorizations for their release. Finally, the Court denies the motion as it relates to subpoenas directed at the collection of (1) psychotherapy records from providers in Florida, (2) education records, and (3) non-psychotherapy medical records. The Court finds no adequate showing of good cause to quash these subpoenas.

## III. Movant Peachford's Motion to Quash Subpoena or for Protective Order

Non-party Peachford moves to quash or obtain a protective order against the subpoena noticed to it. Peachford is a behavioral treatment facility in Georgia. It specializes in the treatment and care of individuals with mental illnesses, alcohol, and other drug dependencies. Defendants served a subpoena on Peachford to produce twenty-one categories of medical records, related to one of Plaintiffs' children. The subpoena also requests production of communications between Peachford and Plaintiffs or other medical treatment providers of Plaintiffs' child. Peachford argues that the records sought are privileged pursuant to the psychotherapist-patient privilege created by Georgia law. Defendants did not respond to the motion. For the reasons explained above,[32] the Court finds that the documents sought by the

---

[32]*See supra* Part II.B.1.

subpoena to Peachford contain privileged communications.  Accordingly, and because Peachford's motion is unopposed, the Court grants it, thus to quash the subpoena and/to enter a protective order.

## IV.    Defendants' Motion to Compel

### A.    Procedural Issues

Before addressing the merits of Defendants' motion, the Court first addresses its timing. Although the parties did not address this issue in their briefs, the Court finds it necessary to discuss the timeliness of this motion.  D. Kan. Rule 37.1 provides the following;

> **(b) Time for Filing Motions**.  Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such a motion for good cause. Otherwise, the objection to the default, response, answer, or objection is waived.[33]

Plaintiffs filed their initial disclosures on February 17, 2015.  They filed their responses to Defendants' Requests on July 20, 2015.  At first blush, it appears that the motion to compel, filed February 28, 2017, is untimely as not filed within 30 days, as required by D. Kan. Rule 37.1(b). But Rule 37.1(b) states that a motion to compel must be served within thirty days of a default, service of the response, answer, or objection.  Here, although Plaintiffs objected to some of Defendants' Requests, they stated later in discovery they would provide supplemental information to each of the Requests at issue.  Thus, because they promised to supplement both their initial disclosures and their responses to requests for documents, the Court finds that the thirty-day clock for Defendants to file a motion to compel was not triggered by the filing of Plaintiffs' initial disclosures or responses to Defendants' Requests.[34]

---

[33]D. Kan. Rule 37.1(b).

[34]*See Certain Underwriters at Lloyd's London v. Garmin Intern., Inc.*, No. 11-CV-2426-EFM-GLR, 2012 WL 5305358, at *2 n.26 (D. Kan. Oct. 25, 2012) (explaining that in absence of default on initial disclosures, thirty-day window to file motion to compel begins on date *supplemental* disclosures are filed or become due).

Accordingly, the Court will first determine if the motion is premature as it relates to the supplementation of Plaintiffs' initial disclosures. Pursuant to the Scheduling Order, the deadline for supplementation of initial disclosures is forty days before the deadline for completion of all discovery.[35] Because the deadline for completion of discovery is September 29, 2017, the deadline for supplementation of initial disclosures is August 21, 2017.[36] Thus, a motion to compel supplementation of initial disclosures before that deadline would appear to be premature. But Fed. R. Civ. P. 26(e) provides as follows for supplementing disclosures and responses:

> **(1) *In General.*** A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission-- must supplement or correct its disclosure or response:
> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> **(B)** as ordered by the court.[37]

In addition to the deadline imposed by the Amended Scheduling Order for supplementation for initial disclosures, Rule 26 thus imposes an obligation upon Plaintiffs to supplement their disclosures and responses "in a timely manner."[38] Additionally, the Court may order a party to supplement its disclosures or responses, independent of the deadline set forth in the Scheduling Order.[39] Accordingly, the Court finds that Defendants' motion is not premature. To the extent it has merit, the Court will grant the relief sought.

---

[35]ECF 15 at 2.

[36]ECF 222.

[37]Fed. R. Civ. P. 26(e)(1).

[38]*Id.*

[39]*Id.*

### B. Discussion

Defendants seek to compel Plaintiffs to supplement their initial disclosures, provide authorizations to allow for release of medical and psychotherapy records, and supplement their responses to Defendants' Requests. Specifically, they seek information and documents from Plaintiffs' children's medical and psychological treatment providers, social workers, the children's schools, other witnesses to be named in discovery, information regarding Plaintiffs' claimed damages, medical and billing records, photographs and videos showing the children's condition, and all documents referred to in Plaintiffs' Complaint. Plaintiffs respond that they have provided much of the information that they said they would supplement their initial disclosures, and that Defendants would be able to obtain the records sought, if they provided Plaintiffs with appropriate authorizations for release of the records. Because Defendants' motion seeks to compel production as to both Plaintiffs' initial disclosures and their responses to Defendants' Requests, the Court addresses each element of discovery in turn.

### 1. Plaintiffs' Rule 26(a) Initial Disclosures

Fed. R. Civ. P. 26(a)(1)(A) provides that generally "a party must, without awaiting a discovery request, provide to the other parties":

> **(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> **(ii)** a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
> **(iii)** a computation of each category of damages claimed by the disclosing party-- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

**(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.[40]

As explained above, in their initial disclosures Plaintiffs identified several medical and psychotherapy treatment providers and produced a series of medical and business records.[41] They stated that throughout discovery they would supplement information as to witnesses and other categories of information upon which they would rely.[42] Plaintiffs say they have supplemented this information by providing Defendants additional information as to "every school, hospital, medical provider, and all others."[43] Plaintiffs further contend Defendants agreed to "take the lead" on collecting documents identified in Plaintiffs' initial disclosures.[44] Defendants argue that Plaintiffs have not supplemented their initial disclosures. They contend that Plaintiffs "identified several types of records [in their initial disclosures] which allegedly support their claims and damages, including records from treating physicians and schools. Plaintiffs have not produced these records."[45]

Fed. R. Civ. P. 26(a)(1)(A) determines what a party must provide in its initial disclosures. While Rule 26(a) requires a party to *identify* and *describe* supporting witnesses and documents, it does not require the party to *produce* them.[46] If a party chooses to identify but not produce the

---

[40]Fed. R. Civ. P. 26(a)(1)(A).

[41]ECF 124-1 at 3.

[42]*See supra* Part I.

[43]ECF 189 at 3.

[44]*Id.* at 3–4.

[45]ECF 193 at 2–3.

[46]*See* Fed. R. Civ. P. 26(a)(1)(A); *Kern River Gas Transmission Co. v. 6.17 Acres of Land, More or Less, in Salt Lake Cty., Utah*, 156 F. App'x 96, 101 (10th Cir. 2005); *Nieves v. OPA, Inc.*, 948 F. Supp. 2d 887, 894 (N.D. Ill. 2013); *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011); Steven S. Gensler, *Rule26. Duty to Disclose; General Provisions Governing Discovery*, 1 FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY RULE 26 (Feb. 2017).

documents, other parties that desire copies may seek them through either informal requests or formal requests for production of documents under Fed. R. Civ. P. 34.[47] The Court will address below Defendants' motion to compel as it relates to Plaintiffs' responses to Defendants' formal Rule 34 document requests.[48] But a motion to compel in relation to initial disclosures is not a proper avenue for compelling document *production*.[49] Therefore, the Court denies Defendants' motion to the extent it seeks to compel Plaintiffs to supplement their initial disclosures by producing documents.

However, a motion to compel in relation to initial disclosures is appropriate, if the producing party fails to properly supplement *information* required to be disclosed under Rule 26(a)(1)(A). Plaintiffs argue they have properly supplemented their initial disclosures. Defendants disagree. As the Court explained in summarizing the procedural background, Plaintiffs stated in their initial disclosures that they would supplement certain information, including the identities of employees and agents of the schools attended by the children at issue, information as to certain business records, and data relevant to Plaintiffs' claims for damages.[50] To the extent they have not supplemented this information and it is within their possession, custody, or control, the Court orders Plaintiffs to promptly supplement their initial disclosures with this information.

### 2. Medical and Psychotherapy Records Authorizations

Defendants seek to compel Plaintiffs to execute authorizations necessary for Defendants to obtain certain medical and psychotherapy records, apparently from providers in both Georgia

---

[47]Gensler, *supra* note 41; *see Jackson*, 278 F.R.D. at 593 (explaining that plaintiff was not subject to sanctions for failing to produce documents described in initial disclosures, because Defendants never filed a motion to compel production of the medical records pursuant to Rule 34).

[48]*See infra* Part II.B.2.

[49]*See supra* note 46.

[50]*See supra* Part I.

and Florida.  As previously explained, the psychotherapy records Defendants seek from treatment providers in Georgia are privileged, as they would contain communications between psychotherapists and patients.[51]  The Court will not compel Plaintiffs to execute authorizations for the release of these records.  It therefore denies Defendants' motion to compel Plaintiffs to execute authorizations as to psychotherapy records held by any treatment providers.  The Court strongly encourages Plaintiffs, however, to execute the necessary authorizations to facilitate discovery of the documents at issue and resolution of the disputes that have triggered these motions.

Additionally, the Court previously explained why psychotherapy records from providers in Florida and non-psychotherapy medical records are not privileged.[52]  Consistent with this finding, the Court is satisfied that it can compel Plaintiffs to provide authorizations for the release of these documents, to the extent such authorizations are necessary.[53]  Therefore, the Court grants Defendants' motion to compel Plaintiffs to execute authorizations for the release of psychotherapy records from providers in Florida and non-psychotherapy medical records.

### 3. Plaintiffs' Responses to Defendants' Requests for Production

Defendants also move to compel Plaintiffs to supplement their responses to Defendants' Request for Production, Numbers 8, 9, 10, 13, 14, 15, and 20.  Request Numbers 8, 9, 13, and 14 request medical and psychotherapy records related to Plaintiffs and/or their children.  Request Number 10 requests documents itemizing damages. Request Number 15 requests photographs or videotapes which show the physical condition of the Plaintiffs or their children. Request Number 20 requests all documents Plaintiffs identified in their Complaint.

---

[51]*See supra* Part II.B.1.

[52]*See supra* Part II.B.2.

[53]*See Watson v. Olathe Med. Ctr., Inc.*, No. 01-2392-CM, 2002 WL 73395 (D. Kan. Jan. 8, 2002) (granting motion to compel plaintiff to sign medical authorizations).

Plaintiffs responded to each of these requests by stating they would supplement their production throughout the course of discovery. Defendants argue Plaintiffs have not done so. As explained above, the parties had several rounds of communications concerning whether Plaintiffs would execute the authorizations necessary for Defendants to obtain certain medical and psychotherapy records independent of the Requests.[54]

In their response to the motion to compel, Plaintiffs did not address whether the medical and psychotherapy records Defendants sought were privileged. But as the Court found in analyzing Plaintiffs' and Peachford's motions for protective orders or to quash subpoenas, psychotherapy treatment records from treatment providers in Georgia are privileged under Georgia law. Request Numbers 8, 9, 13, and 14 are directed at this category of documents. To the extent these Requests seek communications privileged under Ga. Code. Ann. § 24-5-501(a), the Court denies Defendants' motion to compel as to Request Numbers 8, 9, 13, and 14.[55] As with the subpoenas at issue in Plaintiffs' and Peachford's motions, Defendants' Request Numbers 8, 9, 13, and 14 are directed at obtaining psychotherapy records from treatment providers in Florida and non-psychotherapy medical records. Plaintiffs have not shown these documents to be privileged. The Court thus grants the motion for Plaintiffs to produce documents responsive to Defendants Request Numbers 8, 9, 13, and 14 to the extent they seek these non-privileged records.

Request Numbers 10, 15, and 20 do not directly seek medical and psychotherapy records. They instead seek documents reflecting damages, photographs or videos that reflect the condition of Plaintiffs' children's, and documents that Plaintiffs identified in their Complaint. Because these Requests do not directly seek privileged psychotherapy records, the Court grants

---

[54]*See supra* Part I.

[55]This includes bills from psychotherapy treatment providers.

the motion to compel as to Request Numbers 10, 15, and 20. Plaintiffs have articulated no reason why these documents should not be produced. The Court is not otherwise aware of such a reason.

**Conclusion**

For the reasons explained above, Defendants' motion to compel is granted in part and denied in part. Defendants' motion is granted as to Plaintiffs' initial disclosures. Plaintiffs shall supplement their initial disclosures with *information* within their possession, custody, or control, but they need not supplement their initial disclosures with *documents*. Additionally, the Court denies Defendants' motion to compel Plaintiffs to execute authorizations for the release of psychotherapy records from treatment providers in Georgia, as such records are privileged. The Court, however, grants Defendants' motion to compel Plaintiffs to execute authorizations for release of psychotherapy records from treatment providers in Florida and non-psychotherapy medical records. Similarly, the Court denies Defendants' motion to compel Plaintiffs to supplement their responses to Request Numbers 8, 9, 13, and 14, to the extent these Requests seek psychiatric records from providers in Georgia, but the Court grants Defendants' motion as to Requests 8, 9, 13, and 14 to the extent these Requests seek psychotherapy records from treatment providers in Florida or non-psychotherapy medical records. Finally, the Court grants Defendants' motion to compel as to Request Numbers 10, 15, and 20, except to such extent that they seek documents that fall within the psychotherapist-patient privilege recognized under Georgia law.[56]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) and Motion to Quash or Condition Subpoenas

---

[56]The Court suggests the parties use redaction wherever possible.

Pursuant to Fed. R. Civ. P. 45(d)(3) (ECF 151) is **granted in part and denied in part**. Plaintiffs' motion is granted with respect to the six depositions Defendants noticed, and with respect to subpoenas directed at the collection of psychotherapy records from treatment providers in Georgia. Plaintiffs' motion is denied with respect to subpoenas directed at (1) psychotherapy records from providers in Florida, (2) education records, and (3) non-psychotherapy medical records.

**IT IS FURTHER ORDERED BY THE COURT** that Movant UHS of Peachford LP d/b/a Peachford Hospital's Motion to Quash Subpoena and/or for Protective Order (ECF 201) is **granted**.

**IT IS FURTHER ORDERED BY THE COURT** that Defendants' Motion to Compel Plaintiffs to Supplement Their Rule 26 Disclosures and Their Answers to Defendants' Request for Production of Documents (ECF 124) is **granted in part and denied in part**. Defendants' motion is granted as it relates to Plaintiffs' supplementation of their initial disclosures. Defendants' motion is granted in part and denied in part as to their request for authorization of release of medical and psychotherapy records and Plaintiffs' responses to Defendants' Requests for Production, as explained above. Plaintiffs shall supplement their initial disclosures and execute the relevant authorizations for release of records by no later than July 13, 2017.

**IT IS SO ORDERED**.

Dated: June 22, 2017

*s/Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge