IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DON ADKINS, ELLEN ADKINS, and
DON ADKINS o/b/o T.A., a minor,**

      **Plaintiffs,**

      v.

**TFI FAMILY SERVICES, INC., et. al,**

      **Defendants.**

Case No. 13-CV-2579-DDC-GLR

### MEMORANDUM AND ORDER

Plaintiffs have brought this action against TFI Family Services, Inc. and six other Defendants. The complaint alleges various claims, arising from an adoption. The case has presented significant discovery issues, and the Court has ruled on motions related to these issues.[1] The matter comes before the Court on two additional, discovery-related motions, Defendants' Motion to Strike Plaintiffs' Retained Expert Spence Shumway (ECF 125) and Defendants' Motion to Compel Plaintiffs to Provide Responses to Defendants' Second Requests for Production of Documents (ECF 207). The motions are fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court grants Defendants' motion to strike, and grants in part and denies in part Defendants' motion to compel.

**I.**     **Background**

Plaintiffs designated their experts, including Spence Shumway, on February 17, 2017. Plaintiffs retained Mr. Shumway, an accountant, to provide testimony regarding their damages. He submitted an expert witness report, pursuant to Fed. R. Civ. P. 26(a)(2)(B). It includes schedules to summarize medical costs incurred by Plaintiffs, sources of information for these

---

[1] *See* ECF 222 and 223.

costs, a summary of "anticipated amendments" to the report, information regarding Mr. Shumway's compensation, and an "abbreviated CV."[2] Mr. Shumway proposed to testify about Plaintiffs' damages, and he relied largely on interviews with Plaintiffs—which in turn were based on their conversations with their children's physicians—to inform his calculations. Mr. Shumway also stated in his report that he had not made certain calculations about which he intends to testify, but that he would make them before trial. He also stated he would supplement his "abbreviated CV" at a later time.

Defendants served their Second Requests for Production of Documents on Plaintiffs on February 28, 2017. Defendants sought documents related to damages and attorney's fees, projections Mr. Shumway made in his report, as well as his complete CV. Defendants also requested documents that relate to medical and psychotherapy treatment of Plaintiffs' children and correspondence between Plaintiffs and their insurance provider. Plaintiffs responded that some of these documents had already been provided to Defendants in an email of March 21, 2017. Plaintiffs objected to production of other documents upon grounds the requests for them were not reasonably calculated to lead to the discovery of admissible evidence.

## II.    Motion to Strike

Defendants move to strike Mr. Shumway as an expert. They argue that his report fails to comply with Fed. R. Civ. P. 26(a)(2)(B). The rule requires the following information for retained expert witnesses, such as Mr. Shumway:

> **(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

---

[2]ECF 125, Ex. B.

> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
> **(ii)** the facts or data considered by the witness in forming them;
> **(iii)** any exhibits that will be used to summarize or support them;
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.[3]

"The purpose of Rule 26(a)(2) is to require disclosure of expert testimony sufficiently in advance of trial so that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."[4] "An incomplete or preliminary report does not comply with Rule 26(a)(2)."[5] "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[6] Courts can impose a wide range of sanctions, authorized by Fed. R. Civ. P. 37(c)(1), for failure to meet the disclosure requirements for retained expert witnesses, including exclusion of testimony.[7] But "[i]n ruling on a motion to exclude expert testimony or strike an expert witness under Rule 37(c)(1), the court should bear in mind that it is a 'drastic sanction.'"[8]

Defendants do not frame their motion as one for sanctions under Rule 37(c). They instead argue that Mr. Shumway should be stricken as an expert, because his report fails to meet

---

[3] Fed. R. Civ. P. 26(a)(2)(B).

[4] *Mounger v. Goodyear Tire & Rubber Co.*, No. 99-2230-JWL, 2000 WL 1466198, at *2 (D. Kan. 2000) (citations omitted).

[5] *Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 5938027, at *1 (D. Kan. Nov. 6, 2013).

[6] Fed. R. Civ. P. 37(c)(1); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002).

[7] *Mounger*, 2000 WL 1466198, at *4.

[8] *Paliwoda,* 2013 WL 5938027, at *7 (citing *A.H. v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2010 WL 4272844, at *5 (D. Kan. Oct. 25, 2010)).

3

the requirements of Rule 26(a)(2)(B). Accordingly, neither party addresses the relevant standards under Rule 37(c), including whether any failure of Plaintiffs or Mr. Shumway to disclose was substantially justified or harmless. The Court will construe Defendants' motion, however, as one seeking to strike Mr. Shumway's testimony as a Rule 37(c) sanction. Courts have previously construed motions to strike expert testimony for failure to comply with Rule 26(a)(2)(B) in this way, and the Court is unaware of any other mechanism that permits striking of expert testimony for failure to comply with Rule 26(a)(2)(B).[9] Accordingly, in considering Defendants' motion as a motion to strike under Rule 37(c), the Court will first consider whether Mr. Shumway's report complied with Rule 26(a)(2)(B), and if it did not, whether that failure to comply was substantially justified or harmless.

### A.     Rule 26(a)(2)(B) Requirements

Defendants argue that Mr. Shumway's report fails to meet the requirements of Rule 26(a)(2)(B) in that it fails to include the following: (1) a complete statement of all opinions Mr. Shumway will express and the basis and reasons for them; (2) the facts or data considered by Mr. Shumway in forming the opinions; (3) any exhibits that will be used to summarize or support them; (4) a list of all publications authored by him in the previous 10 years; and (5) a list of all other cases in which, during the previous 4 years, he testified as an expert at trial or by deposition. Defendants also argue, in their Reply, that his report relies largely on inadmissible hearsay, and that he cannot opine on Plaintiffs' alleged real estate losses, because the Federal Rules of Evidence consider testimony as to property valuation to be expert opinion.

---

[9] *See, e.g.*, *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002) (analyzing failure to comply with Rule 26(a)(2)(B) under Rule 37(c), even though district court did not mention Rule 26(a) or Rule 37(c)); *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 679 (D. Kan. 1995) ("Fed. R. Civ. P. 37(c)(1) supplies the sanctions to be imposed in the event that a party fails to make the required disclosures.").

In their Response Plaintiffs do not contend that they have met all the requirements of Rule 26(a)(2)(B).[10]  Instead they contend that Defendants have failed "to articulate how they are now unable to examine the Accountant prior to trial, including serving a subpoena duces tecum on the Accountant or inquiring of certain matters of the Accountant at a deposition."[11]

Plaintiffs also rely heavily on *Ryan Development Co. v. Indiana Lumbermans Mutual Insurance Co.*[12]  In *Ryan* the plaintiff intended to present at trial testimony from several accountants as to the amount of damages.[13]  The Court made an *in limine* ruling that the accountants could not testify as experts, but could testify as fact witnesses, because they had personal knowledge of the plaintiffs' accounts.[14]  After trial the defendant moved for judgment as a matter of law or for new trial.  They argued that, although the accountants' testimony was couched as lay testimony, it was in fact expert opinion testimony.[15]  In denying the defendant's motion, the Court held that the accountants' testimony was lay testimony, rather than improper expert testimony, because (1) the accountants testified based on their personal knowledge of plaintiff's books, documents and tax returns; and (2) "they did not testify as to special accounting procedures or complicated, specialized methods used to calculate the loss," but instead testified about loss figures using "simple mathematical equations" and "straightforward calculations."[16]  Plaintiffs argue that "the similarity between the instant case and the *Ryan* case is uncanny" because like the accountants in *Ryan*, Mr. Shumway used no specialized formulas or

---

[10] In fact, Plaintiffs make only one mention of Rule 26(a)(2)(B) or its requirements, when they summarize Defendants' argument that Plaintiffs have not complied with Rule 26(a)(2)(B). ECF 182 at 1.

[11] *Id*. at 2.

[12] No. 09-1264-EFM, 2011 WL 5080309 (D. Kan. Oct. 25, 2011).

[13] *Id*. at *4.

[14] *Id*.

[15] *Id*.

[16] *Id*. at 5.

techniques.[17] Thus, Plaintiffs appear to argue that the Rule 26(a)(2)(B) requirements need not be met because, like the accountants at issue in *Ryan*, Mr. Shumway will offer lay testimony that does not depend on "specialized formulas or techniques."[18]

Before addressing whether Mr. Shumway's report complied with Rule 26(a)(2)(B), the Court first considers what Plaintiffs argue, based on *Ryan*, that Mr. Shumway's report need not comply with the rule. *Ryan* is readily distinguishable from this case, however, for a variety of reasons. But most importantly, the Court in *Ryan* found that the accountants there were presenting lay testimony, which is not subject to the requirements of Rule 26(a)(2)(B).[19] In the instant case, however, Plaintiffs propose Mr. Shumway for expert testimony. They have listed him in their expert designations. And he has provided what they contend to be an expert report, pursuant to Rule 26(a)(2)(B).[20] Accordingly, the Court finds his report is governed by and must comply with Rule 26(a)(2)(B).

Defendants correctly note that Mr. Shumway's report lacks several components that Rule 26(a)(2)(B) requires. First, it does not contain a summary of "all opinions [Mr. Shumway] will express and the basis and reasons for them."[21] For example, he states he will testify as to future costs and explains that the figures are "not calculated at this time, but will for trial."[22] Similarly,

---

[17] ECF 182 at 3.

[18] ECF 182 at 3. It is not entirely clear what argument Plaintiffs are making in attempting to analogize the instant case to *Ryan*. Plaintiffs simply state that "[t]he similarity between the instant case and the *Ryan* case is uncanny," without offering any analysis as to why the supposed similarity is material to the instant motion. However, the only reasonable inference the Court can draw is that Plaintiffs are suggesting that, like the accountants in *Ryan*, Mr. Shumway is simply offering lay testimony, not expert opinion, and therefore need not comply with Rule 26(a)(2)(B).

[19] *See* Fed. R. Civ. P. 26(a)(2)(B) (stating that witnesses "specifically employed to provide *expert* testimony" must meet the listed requirements) (emphasis added).

[20] ECF 25, Exs. A and B.

[21] *See* ECF 125, Ex. B; Fed. R. Civ. P. 26(a)(2)(B)(i).

[22] ECF125, Ex. B. at 3.

he fails to provide all "facts or data considered by the witness in forming his opinions."[23] Although he provides various figures for out-of-pocket "Medical" costs for the years 2013 through 2016, he provides no supporting facts about these expenses or how they originate.

Mr. Shumway also fails to provide any "exhibits that will be used to summarize or support" his opinion.[24] He simply states that the source of his figures is Mr. and Mrs. Adkins and their conversations with physicians, but he provides no supporting documentation or analysis for his conclusions. But the Court is not convinced that he did not rely on any documentation of costs to reach the highly detailed figures he provides in his report, or that he will not rely on such documentation at trial to support his opinion. Indeed, contrary to his suggestion that he relied only on conversations with Plaintiffs to reach his calculations, they themselves assert in their Reply that "[t]he Schedule Report clearly states that [Mr. Shumway] summarized the costs based on information *and documents* provided by Plaintiffs."[25] These purported documents were not included in Mr. Shumway's report. Finally, Mr. Shumway's report—specifically, the "abbreviated CV" he included—does not include "a list of all publications authored in the previous 10 years." Nor does it list "all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition."[26]

The Court again notes that Plaintiffs do not argue that these Rule 26(a)(2)(B) requirements have been meet. They instead propose that Defendants can obtain additional

---

[23] Fed. R. Civ. P. 26(a)(2)(B)(ii).

[24] Fed. R. Civ. P. 26(a)(2)(B)(iii).

[25] ECF 182 at 3 (emphasis added); *see also* ECF 208 (arguing in response to Defendants' motion to compel that all documents have been provided).

[26] ECF 125, Ex. B at 8; Fed. R. Civ. P. 26(a)(2)(B)(iv), (v). It is certainly possible that Mr. Shumway has not authored any publications in the past 10 years, and that he has not testified in any cases in the previous 4 years. But it is impossible to determine this based on an "abbreviated CV" that Mr. Shumway states he will supplement. ECF 125, Ex. B at 2. Additionally, his ability to estimate the amount of hours he will spend "investigating, report drafting, and testifying by both deposition and before the Court" in the event this case goes to trial suggests he has recent experience testifying in other cases. *See id.*

information by subpoena and deposing Mr. Shumway. Their proposal suggests that he has not disclosed all information relevant to the Rule 26(a)(2)(B) requirements. For these reasons and those explained above, the Court finds that Mr. Shumway's report does not comply with Rule 26(a)(2)(B).

### B. Substantial Justification or Harmlessness

Having found that Mr. Shumway's report fails to comply with Rule 26(a)(2)(B), the Court turns to whether that failure was substantially justified or harmless. "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[27] While a court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," the court should be guided by the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure any prejudice; (3) the potential for trial disruption if the testimony is allowed; and (4) the erring party's bad faith or willfulness."[28] "The burden to demonstrate substantial justification and the lack of harm is on the party who failed to make the required disclosure."[29] "The substantial justification requirement is satisfied where there exists a genuine dispute concerning compliance."[30]

The Court finds that Plaintiffs have not met their burden to demonstrate substantial justification or harmlessness of their failure to meet the Rule 26(a)(2)(B) requirements. First, the potential prejudice or surprise to Defendants because of the non-compliance is substantial. Mr. Shumway did not provide in his report all of the opinions and projections of damages that he

---

[27]*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002); *Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 5938027, at *7 (D. Kan. Nov. 6, 2013).

[28]*Jacobsen*, 287 F.3d at 953; *Paliwoda*, 2013 WL 5938027, at *7.

[29]*Paliwoda*, 2013 WL 5938027, at *7 (citation omitted).

[30]*Mounger v. Goodyear Tire & Rubber Co.*, No. 99-2230-JWL, 2000 WL 1466198, at *2 (D. Kan. Sept. 22, 2000).

proposes to express at trial or the facts and data he will use to support those opinions.[31] Indeed, his report lacks key information that he simply offers to include "if this matter continues to jury [t]rial," such as adjustments for inflation, damages beyond 2024, projected damages related to Plaintiffs' move from Georgia to Florida, and additional information to be included in his CV.[32] Rule 26(a) provides no justification for a proffered expert witness simply to defer his disclosures to the time of trial. If Defendants must wait until trial to obtain Mr. Shumway's complete damages projections, the documents upon which he relies, a complete CV that identifies past publications and previous testimony, or other information required for him to provide in a Rule 26(a)(2)(B) expert report, they may not be able to effectively prepare for trial. Neither Plaintiffs nor Mr. Shumway provide good reason for the incompleteness of his report.[33] And there is no indication that the missing information, which the report states will be provided at trial, was not reasonably available to Mr. Shumway at the time he prepared his report. The Court finds no difficulty in concluding that Defendants would be unnecessarily prejudiced or surprised by their failure to provide the proposed amendments to Mr. Shumway's report and testimony at trial.

Second, although Plaintiffs may have an opportunity to cure their non-compliance because trial has not yet been scheduled, the Court finds that this factor does not weigh in favor of either granting or denying the motion. Neither Plaintiffs nor Mr. Shumway have made any suggestion that they intend to provide the supplemental information at any particular time before trial. Thus, the Court is skeptical that Plaintiffs will timely cure the non-compliance, if the instant motion is denied.

---

[31]*See* ECF 125, Ex. B at 2–3, 4–5, 7–8 (setting forth categories of damages projections about which Mr. Shumway intends to testify at trial, but stating that he has "not attempted to calculate" certain projections for his report).

[32]*Id.* at 2–3, 5.

[33]Again, Plaintiffs simply appear to argue that Mr. Shumway's report need not meet the requirements of Rule 26(a)(2)(B). *See generally* ECF 182.

Third, the Court is concerned that the potential for trial disruption is great, if Mr. Shumway's testimony is allowed with his report in its current form. As already noted, his report is lacking in key information about the opinions he will express, the facts he will use to support those opinions, and background information about him. As already noted, he states he will provide this information at trial.[34] Without this information sufficiently in advance of trial, however, Defendants cannot effectively prepare their cross-examination of Mr. Shumway. Nor can they adequately and timely designate their opposing experts. In fact, the failure of Plaintiffs and Mr. Shumway to provide an adequate report in compliance with Rule 26(a)(2)(B) has already led to extensions of deadlines and expense of Court resources to address motions related to the report.[35] The Court has little difficulty in recognizing the possibility of yet more extensions of time, delays, and expense of Court resources, if Mr. Shumway is allowed to proceed with the understanding that his report will be supplemented only at trial.

At this point the Court does not find that either Plaintiffs or Mr. Shumway acted in bad faith or willfully exercised non-compliance with Rule 26(a)(2)(B). Additionally, although the Court is concerned with Plaintiffs' response to the motion, suggesting that Mr. Shumway's report need not comply with Rule 26(a)(2)(B), it is not at this point prepared to find that the inadequate response was made in bad faith.

To summarize, two factors, the potential prejudice to Defendants and the potential for trial disruption, weigh heavily in favor of striking Mr. Shumway's testimony. Although neither Plaintiffs' nor Mr. Shumway's conduct appear to have been willful or in bad faith, and although the Court is certainly mindful that striking what is proposed to be expert testimony is a "drastic

---

[34] *See* ECF 125, Ex. B at 3 ("Not calculated at this time, but will for Trial.").

[35] *See* ECF 222 (Order amending Scheduling Order, including extension of expert deadlines).

sanction,"[36] the Court is not convinced that the non-compliance will be cured without striking the proposed testimony. Accordingly, the Court grants Defendants' motion to strike Mr. Shumway's report and testimony.[37]

### III.   Motion to Compel

#### A.   Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides, in relevant part, that

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[38]

When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[39] Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking discovery has the burden to show the relevancy of the request.[40]

---

[36]*Paliwoda v. Showman,* No. 12-2740-KGS, 2013 WL 5938027, at *7 (D. Kan. Nov. 6, 2013) (citing *A.H. v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2010 WL 4272844, at *5 (D. Kan. Oct. 25, 2010)).

[37]Because the Court grants Defendants' motion for failure to comply with Rule 26(a)(2)(B) pursuant to Rule 36(c), the Court does not address Defendants' arguments that the report contains inadmissible hearsay and improper opinions regarding Plaintiffs' alleged real estate losses.

[38]Fed. R. Civ. P. 26(b)(1).

[39]*Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004) (citation omitted).

[40]*Id.* (citation omitted).

This Court "looks with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad."[41] The party filing a motion to compel has the initial burden of addressing each boilerplate objection in its motion, and by doing so, that party brings the objection "into play" and places the burden on the objecting party to support its objections.[42] "[T]he objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable."[43]

**B.    Discussion**

Defendants move to compel Plaintiffs to produce all documents relevant to Defendants' Second Requests for Production ("Requests"). Defendants' Requests seek documents related to Plaintiffs' taxes, Mr. Shumway's report, Plaintiffs' communications with medical and psychotherapy treatment providers, and Plaintiffs' communications with insurers.

**1.    Tax Documents**

In Requests One and Sixteen, Defendants seek tax documents from 2011 through 2016, which Defendants argue would show Plaintiffs' real estate holdings and would reflect on Plaintiffs' claimed losses of income. Plaintiffs respond that the tax documents are not relevant and that they would contain a substantial amount of private financial information.

Public policy protects against the production of tax returns, and thus courts do not favor compelling production of tax returns.[44] However, no absolute privilege precludes their

---

[41] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670 (D. Kan. 2004) (quoting *Miner v. Kendall*, No. 96-1126-MLB, 1997 WL 695587, at *1 (D. Kan. Sept. 17, 1997)).

[42] *Id.* at 671 n.37.

[43] *Id.* at 670–71.

[44] *Cont'l Coal, Inc. v. Cunningham*, No. 06-2122-KHV, 2007 WL 4241848, at *3 (D. Kan. Nov. 28, 2007) (citations omitted); *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 539 (D. Kan. 2006) (citations omitted).

12

discovery.[45] Accordingly, this Court has employed the following two-pronged test to determine the discoverability of tax returns:

> First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable.[46]

"Courts have often held that income tax returns are relevant when a plaintiff places its income at issue by seeking compensatory damages."[47] Plaintiffs seek compensatory damages in this case for real estate loses and lost income as a result of Ms. Adkins' having to leave her teaching position in Georgia, losing her tenure and retirement, and having to obtain a new position in Florida at a lower pay. Plaintiffs have therefore placed their income at issue, and the tax returns are presumably relevant to this issue. Plaintiffs contend that their real estate losses and lost income were incurred in 2015 and 2016, however, and thus tax returns from 2011 through 2014 are not relevant. The Court agrees. Although tax returns from 2015 and 2016 may reflect Plaintiffs' real estate losses and lost income in those years, Defendants' have not met their burden to demonstrate that tax returns from prior years are relevant.

Having found that tax returns from 2015 and 2016 are relevant, the burden shifts to Plaintiffs to demonstrate that information within the tax returns relevant to Plaintiffs' losses is available from other sources. Plaintiffs do not address this prong in their Response to Defendants' motion. They simply argue that tax returns from years other than 2015 and 2016 are not relevant. The Court is unable to determine whether information relevant to Plaintiffs'

---

[45]*Cont'l Coal*, 2007 WL 4241848, at *3.

[46]*Hilt v. SFC, Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997) (citing *Audiotext Comm'ns Network, Inc. v. U.S. Telecom, Inc.*, No. 94-2395, 1995 WL 625962, at *11 (D. Kan. Oct. 5, 1995)) (internal quotations omitted).

[47]*Cont'l Coal*, 2007 WL 4241848, at *3 (citations omitted).

claimed losses would be obtainable from other sources. Thus, because Plaintiffs have not met their burden on this issue, the Court finds that their tax returns from 2015 and 2016 are discoverable. Accordingly, it grants the motion to compel as to Request One as it relates to Plaintiffs' tax returns from 2015 and 2016, and denies Defendants' motion to compel as it relates to tax returns from 2011 through 2014. Additionally, the Court grants Defendants' motion to compel as to Request Sixteen as it relates to tax and other real estate documents from the years 2015 and 2016.

### 2. Documents Related to Mr. Shumway's Report

In Requests Two through Seven, Nine, Eleven and Twelve, Defendants seek a variety of documents related to Mr. Shumway's report, including all documents upon which Plaintiffs relied in providing information to Mr. Shumway, documents related to his "out-of-pocket costs" projections, documents related to attorney's fees and projections of other litigation costs, documents that would support projections as to real estate losses, and Mr. Shumway's complete CV. The only relevancy these Requests have is in relation to Mr. Shumway's report. Because the Court has granted Defendants' motion to strike Mr. Shumway's report, it finds these Requests moot. Accordingly, the Court denies Defendants' motion to compel as it relates to Requests Two through Seven, Nine, Eleven and Twelve.

### 3. Documents Related to Communications with Treatment Providers

Defendants also seek various documents related to communications between Plaintiffs and medical or psychotherapy treatment providers. Specifically, they seek "all correspondence" and "all documents" from certain providers. Plaintiffs respond that they had an agreement with Defendants that these documents would be provided after the execution of certain authorizations for release of the documents, and that the parties would collaborate to obtain them. Defendants

acknowledge the agreement for signed authorizations, but deny any agreement that Defendants would obtain the documents directly.

The Court entered a Memorandum and Order which, *inter alia*, addressed Defendants' first motion to compel.[48] That Order includes a lengthy analysis, supporting its finding that psychotherapy treatment records from providers in Georgia are privileged and thus not subject to compelled production. The Court also found, however, that both non-psychotherapy and psychotherapy records from treatment providers in Florida, were not similarly privileged. And, consequently, their production could be compelled.

In briefing the instant motion, the parties do not identify the origin of the requested documents. Nor do they indicate whether they relate to correspondence with psychotherapy or non-psychotherapy medical providers. For the same reasons as discussed in the previous Memorandum and Order, the Court finds that the correspondence and documents sought by the instant motion are discoverable, except to the extent they implicate a psychotherapy treatment provider in Georgia. Accordingly, the Court grants in part and denies in part Defendants' motion to compel documents responsive to Requests Thirteen, Fourteen, Seventeen, and Eighteen. Plaintiffs are ordered to produce them, except for those that regard psychotherapy treatment from providers in Georgia.

### 4. Documents Related to Communications with Insurers

Request Ten seeks correspondence between Plaintiffs and their insurers. Defendants argue that it will help determine what type of care will be covered in the future. Plaintiffs invoke the collateral source rule. They argue that the rule bars evidence of insurance coverage and of past and anticipated future insurance payments. In cases with diversity jurisdiction, such as this

---

[48]ECF 223.

one, the application of the collateral source rule depends upon state law.[49] Under Kansas law the collateral source rule typically "bars admission of evidence stating that the expenses were paid by a collateral source."[50] However, because the reasonable value of medical services may become an issue for the trier of fact when a collateral source pays medical expenses at a discounted rate, the rule does not bar "the admission of evidence indicating that something less than the charged amount [from a collateral source] has satisfied, or will satisfy, the amount billed."[51] Defendants do not seek correspondence between Plaintiffs and their insurer to determine the reasonable value of services they have received or plan to receive. Rather they seek them simply "to determine what type of care will be covered in the future."[52] Evidence of Plaintiffs' correspondence with their insurer would not be admissible for this purpose pursuant to the collateral source rule.

But the correspondence "need not be admissible in evidence to be discoverable," so long as it is relevant and proportional to the needs of this case.[53] In this instance, however, the Court is not convinced that production of these documents would be proportional to the needs of the case. Any issue of insurance appears to be collateral and only of marginal, if any, importance to the issues. Defendants do not seek the documents to determine the reasonable value of the services Plaintiffs received. The likely burden for searching for these documents outweighs its likely benefit. Accordingly, the Court denies the motion to compel production of items responsive to Request Number Ten.

---

[49]*See Macsenti v. Becker*, 237 F.3d 1223, 1240–41 (10th Cir. 2001) (explaining that law of forum state with regard to collateral source rule applies in diversity cases).

[50]*Martinez v. Milburn Enters.*, 233 P.3d 205, 221 (Kan. 2010); *see Wisker v. Hart*, 766 P.2d 168, 175 (1988) (recognizing statement from previous case that "evidence that a party received collateral source benefits is not admissible in a trial").

[51]*Martinez*, 233 P.3d at 222–23.

[52]ECF 207 at 4.

[53]Fed. R. Civ. P. 26(b)(1).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Strike Plaintiffs' Retained Expert Spence Shumway (ECF 125) is **granted.**

**IT IS FURTHER ORDERED BY THE COURT** that Defendants' Motion to Compel Plaintiffs to Provide Responses to Defendants' Second Requests for Production of Documents (ECF 207) is **granted in part and denied in part**.  Defendants' motion is **granted in part and denied in part** as to Requests One and Sixteen as described above, **denied as moot** as to Requests Two through Seven, Nine, and Eleven through Twelve, **granted in part and denied in part** as to Requests Thirteen, Fourteen, Seventeen, and Eighteen, and **denied** as to Request Ten, as explained more fully above.  **Plaintiffs shall produce all documents ordered to be produced by no later than thirty (30) days after the date of this Order.**

**IT IS SO ORDERED.**

Dated: July 24, 2017

                                           *s/ Gerald L. Rushfelt*
                                           Gerald L. Rushfelt
                                             United States Magistrate